IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELVIN STINSON,                      :    CRIMINAL ACTION
                                     :    NO. 07-170
          Petitioner,                :
                                     :    CIVIL ACTION
     v.                              :    NO. 11-6230
                                     :
UNITED STATES OF AMERICA,            :
                                     :
          Respondent.                :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              JUNE 29, 2012


     Melvin Stinson ("Petitioner") is a federal prisoner
incarcerated at Federal Correctional Institution Schuylkill in
Minersville, Pennsylvania. Petitioner filed a motion to vacate,
set aside, or correct his sentence pursuant to 28 U.S.C. § 2255
("§ 2255 Motion"). Petitioner claims he received
constitutionally ineffective assistance of counsel, that he was
denied due process based on pre-indictment delay, that his
guilty plea is invalid, and that the felon-in-possession statute
is unconstitutional. For the reasons set forth below, the Court
will deny and dismiss with prejudice the § 2255 Motion.

I.   **BACKGROUND**[1]

On December 18, 2006, Philadelphia police officers arrested Petitioner outside of a Philadelphia bar pursuant to an arrest warrant issued for failing to appear in court. Change-of-Plea Hr'g Tr. 12:15-24. Operating on a tip that Petitioner was at the bar, one officer entered and identified Petitioner, who fit the description of the three-hundred-pound, six-foot tall, African-American male, who was wanted on the warrant. Id. at 12:25-13:3. The officer noticed Petitioner sitting on a stool at the bar. Id. at 13:4-8. On the stool sat a jacket. Id.

When the officer entered, Petitioner looked his way, stood up from the stool, and walked over to some pay phones. Id. at 13:9-11. Petitioner picked up the receiver but neither dialed a number nor inserted a coin to place a call. Id. at 13:12-14. Petitioner hung up the phone and walked to the pool tables. Id. at 13:15-18. But he did not speak to anyone or play pool. Id.

Finally, Petitioner exited the bar and left the jacket on the stool. Id. at 13:19-20. He walked outside in a white tee-shirt, even though it was a cold December night. Id. at 13:20-

---

[1]      At a change-of-plea hearing, the Government represented that, if Petitioner were to proceed to trial, the Government would prove beyond a reasonable doubt the facts stated herein. Petitioner, while under oath, agreed that the Government correctly and accurately summarized the facts of the case against him. Change-of-Plea Hr'g Tr. 15:6-10, June 14, 2007.

22. Officers arrested Petitioner outside and discovered in the jacket on the bar stool a loaded .357 magnum firearm and twenty-three vials of crack cocaine. Id. at 13:23-14:3. Furthermore, at the time of the offense, Petitioner was a convicted felon and the firearm traveled in interstate commerce. Id. at 13:9-11.

## II.  PROCEDURAL HISTORY

On March 27, 2007, a federal grand jury charged Petitioner with possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), using and carrying a firearm during a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On June 14, 2007, Petitioner pled guilty after the Court conducted a colloquy with Petitioner pursuant to Federal Rule of Criminal Procedure 11(b). The Court accepted Petitioner's guilty plea and ordered a presentence investigation report.

At Petitioner's sentencing hearing, based on information provided in the presentence investigation report, the Court determined that Petitioner was a career offender under the 2006 U.S. Sentencing Guidelines based on a 1998 conviction for distribution of a controlled substance and a 1994 conviction for simple assault. Accordingly, the Court sentenced Petitioner to 262 months of imprisonment.

On appeal, and after a rehearing en banc, the Third
Circuit affirmed the Court's holding that Petitioner is a career
offender based on the conviction for distribution of a
controlled substance and a conviction for resisting arrest,
which also appeared in the presentence investigation report.
United States v. Stinson, 592 F.3d 460, 466-67 (3d Cir. 2010)
(en banc). On October 4, 2010, the U.S. Supreme Court denied
Petitioner's petition for writ of certiorari. Stinson v. United
States, 131 S. Ct. 114, 114 (2010) (mem.).

On September 30, 2011, Petitioner filed the instant §
2255 Motion and accompanying memorandum in support. The
Government responded. And Petitioner replied. The matter is now
ripe for disposition.

## III. DISCUSSION

A federal prisoner challenging his sentence based on a
violation of the U.S. Constitution or laws of the United States
may move the court that imposed the sentence to vacate, set
aside, or correct the sentence. See 28 U.S.C. § 2255(a) (Supp.
IV 2011). The prisoner may attack his sentence on any of the
following grounds: (1) the judgment was rendered without
jurisdiction; (2) the sentence imposed was not authorized by law
or otherwise open to collateral attack; or (3) there has been
such a denial or infringement of the constitutional rights of

4

the prisoner as to render the judgment vulnerable to collateral attack. See id. § 2255(b). A prisoner's pro se motion is construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011).

In his § 2255 Motion and accompanying memorandum in support, Petitioner claims that his counsel rendered constitutionally ineffective assistance, that his guilty plea is void, and that the felon-in-possession statute is unconstitutional. Because the § 2255 Motion and the records of this case conclusively show Petitioner is not entitled to relief, the Court will deny the § 2255 Motion without a hearing. See 28 U.S.C. § 2255(b); see also Section 2255 R. 4(b).

A.   Ineffective Assistance of Counsel

In his § 2255 Motion and accompanying memorandum, Petitioner claims his trial counsel rendered ineffective assistance of counsel in advising him to plead guilty, failing to attack the factual basis for the plea, failing to raise a challenge for pre-indictment delay, and failing to challenge the use of Petitioner's prior convictions. The Sixth Amendment right to counsel guarantees the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To warrant reversal of a conviction, a convicted defendant must

5

show (1) that his counsel's performance was deficient and (2)
that the deficient performance prejudiced his defense. Id. at
687; Holland v. Horn, 519 F.3d 107, 120 (3d Cir. 2008). The
principles governing ineffective assistance claims under the
Sixth Amendment apply in collateral proceedings attacking a
prisoner's sentence. See Strickland, 466 U.S. at 697-98.

To prove deficient performance, a convicted defendant
must show that his "counsel's representation fell below an
objective standard of reasonableness." Id. at 688. The Court
considers whether counsel's performance was reasonable under all
the circumstances. Id. In doing so, the Court's "scrutiny of
counsel's performance must be highly deferential." See id. at
689. That is, there is a "strong presumption that counsel's
conduct falls within the wide range of reasonable professional
assistance." Id. In raising an ineffective assistance claim, the
petitioner must first identify the acts or omissions alleged not
to be the result of "reasonable professional judgment." Id. at
690. Next, the court must determine whether those acts or
omissions fall outside of the "wide range of professionally
competent assistance." Id. at 690.

To prove prejudice, a convicted defendant must
affirmatively prove that the alleged attorney errors "actually
had an adverse effect on the defense." Id. at 693. "The
defendant must show that there is a reasonable probability that,

6

but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. None of Petitioner's arguments that his counsel rendered ineffective assistance has merit.

### 1.   Guilty Plea

Petitioner argues that he pled guilty based on the ineffective assistance of his trial counsel. A guilty plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). When a defendant enters a plea of guilty upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (internal quotation marks omitted). If counsel's advice falls outside of this range, a convicted defendant then must prove prejudice. See id. at 58; see also Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). Petitioner claims his decision to plead guilty was not a voluntary and intelligent choice because counsel advised Petitioner that he faced a lesser sentence under the U.S. Sentencing Guidelines than the sentence the Court

imposed[2] and because counsel failed to advise that Petitioner had a "constructive possession" defense.

First, Petitioner's argument that his guilty plea is invalid based on his counsel's advice that the U.S. Sentencing Guidelines would prescribe a lower sentence is meritless. In fact, the record in this case indicates that Petitioner understood that, even after entering a plea of guilty, there would be no guarantee of the sentence the Court would impose. At the change-of-plea hearing, while under oath, Petitioner stated, without hesitation, that he understood that the Court would sentence him after taking into account the U.S. Sentencing Guidelines and a presentence investigation report, that the guidelines are not mandatory and the Court may impose a sentence greater than the recommendation, and that the Court would not know how the U.S. Sentencing Guidelines would apply in his case until a presentence investigation report was prepared. Change-of-Plea Hr'g Tr. 10:9-17:3.

Petitioner now argues that his counsel advised the U.S. Sentencing Guidelines would prescribe a lesser sentence than the 262-month sentence the Court imposed. Petitioner's argument is contrary to his sworn statement that he understood

---

[2]     Petitioner submits an affidavit swearing that his counsel explained that he would receive a lesser sentence based on counsel's calculation under the guidelines.

that the guidelines sentence could not be determined until after
a presentence investigation report was prepared. Moreover,
Petitioner indicated that he understood the maximum possible
penalty for each count, and proceeded to enter a plea of guilty
notwithstanding. Petitioner's argument is plainly contradicted
by the record. Therefore, the Court will deny Petitioner's
claim. See Perna v. United States, 975 F. Supp. 657, 667-69
(D.N.J. 1997) (denying claim that guilty plea not voluntary
because counsel promised lesser sentence than imposed because
petitioner testified before entering guilty plea that he
understood the maximum penalty, that it was impossible to
determine sentence under U.S. Sentencing Guidelines without a
presentence investigation report, that U.S. Sentencing
Guidelines are not binding, and that nothing was promised in
exchange for plea agreement).

        Second, Petitioner's argument that his guilty plea is
invalid because his counsel failed to advise him of a
"constructive possession" defense is meritless. The Government
represented that before Petitioner's arrest, an officer observed
Petitioner "sitting on a stool at the bar, and on that stool
that he was sitting on there was a jacket." Change-of-Plea Hr'g
Tr. 13:6-8. The officers arrested Petitioner outside of the bar
after he left the jacket sitting on the stool. Id. at 13:19-20.

9

Petitioner now contends that the Government "could not prove the abandoned jacket was [his] property." Mem. in Supp. 7.

To begin with, Petitioner stated on the record in open court that the Government correctly and accurately summarized the facts of the case against him. Change-of-Plea Hr'g Tr. 15:6-10. Furthermore, Petitioner's contention that the Government could not prove he possessed the jacket and its incriminating contents, based on the facts averred by the Government, misconstrues the facts the Government intended to prove at trial. Petitioner correctly identifies that "constructive possession requires an individual to have the power and intent to exercise both dominion and control over the object he or she is charged with possessing." United States v. Garth, 188 F.3d 99, 112 (3d Cir. 1999). From that legal standard, Petitioner claims the Government could never have proved he possessed the jacket for the following asserted reasons: no person observed Petitioner wearing the jacket; the police assumed he owned the jacket because of its size; no personal items were found in the jacket to link Petitioner to it; and the jacket's mere presence at the bar does not indicate Petitioner owned it. Mem. in Supp. 8-9. Petitioner, however, ignores the evidence that he sat on the stool on which the jacked rested, that he left the stool and the jacket after officers arrived at the bar, and that he left the bar without the jacket in a tee-shirt in cold weather. Based

on these facts, to which Petitioner admitted, the Court cannot say Petitioner's counsel rendered ineffective assistance because he did not identify a "constructive possession defense."[3] Therefore, Petitioner's counsel did not render ineffective assistance of counsel and Petitioner's guilty plea is valid.

### 2.   Pre-Indictment Delay

Petitioner argues his counsel rendered ineffective assistance in failing to raise a challenge of pre-indictment delay. Petitioner committed the underlying offense on December 18, 2006. A federal grand jury returned an indictment charging Petitioner with the underlying offenses on March 27, 2007. "Oppressive pre-indictment delay within the applicable limitations period is protected by the Fifth Amendment Due Process Clause." United States v. Ismaili, 828 F.2d 153, 167 (3d Cir. 1987) (citing United States v. Marion, 404 U.S. 307, 324 (1971)). A defendant seeking dismissal based on pre-indictment delay must show "(1) that the government intentionally delayed bringing the indictment in order to gain some advantage over

---

[3]      Petitioner briefly mentions that counsel failed to challenge a statement he provided to the police after his arrest. Petitioner's vague allegations are not sufficient to show his counsel's conduct fell outside the wide range of reasonable professional assistance. Petitioner fails to indicate the allegedly incriminating response he offered to the police, how the police unlawfully elicited the response, or, much less, how the statement incriminated Petitioner.

him, and that (2) this intentional delay caused the defendant actual prejudice." Id.

Here, a challenge based on pre-indictment delay would have been futile. A little more than three months passed between Petitioner's criminal activity and the return of the Indictment. Petitioner has not shown the government intentionally delayed bringing the indictment to gain advantage. At most, Petitioner makes blanket statements that the government commenced a federal prosecution to "gain an advantage and secure conviction." Mem. in Supp. 13. But Petitioner fails to identify how the federal government obtained an unfair advantage. Moreover, even if Petitioner could show the government delayed the federal prosecution to gain an advantage, he fails to allege how any alleged intentional delay caused him actual prejudice. Therefore, Petitioner's counsel did not render ineffective assistance in failing to raise a challenge based on pre-indictment delay.[4]

3. Prior Convictions

Petitioner argues his counsel rendered ineffective assistance by allowing "the court to use a prior conviction for

---

[4]     Petitioner appears to argue that the Court lacked jurisdiction because of the alleged pre-indictment delay. See § 2255 Motion 9. To the extent Petitioner argues he suffered any constitutional deprivation based on pre-indictment delay, his argument is meritless for same the reasons provided herein.

simple assault/resisting arrest" to enhance his sentence. § 2255
Mot. 10. Specifically, Petitioner argues that the Court erred in
designating him a career offender under U.S. Sentencing
Guideline § 4B1.1(a), because, "although [Petitioner's] prior
convictions were punishable by a term of imprisonment of one
year, the state judge did not have the authority to punish
[Petitioner] over one year without violating [his] Sixth
Amendment right." Mem. in Supp. 20.

Petitioner's counsel did not render ineffective
assistance with regard to Petitioner's status as a career
offender. In fact, on appeal, Petitioner's counsel vigorously
challenged the Court's determination that Petitioner qualified
as a career offender because his prior convictions qualified as
violent felonies. See United States v. Stinson, 574 F.3d 244 (3d
Cir. 2009), reh'g granted, 592 F.3d 460 (3d Cir. 2010) (en
banc). Furthermore, Petitioner's contention that his prior
convictions are not qualifying crimes for purposes of the career
offender designation is without merit. Petitioner argues that,
because he did not receive a sentence of more than one year of
incarceration for convictions for simple assault and resisting
arrest, those convictions do not qualify as violent felonies for
purposes of U.S. Sentencing Guidelines § 4B1.1(a). Mem. in Supp.
23. The sentence Petitioner received is immaterial to whether
the crimes for which he was convicted are prior felony

13

convictions. See U.S.S.G. § 4B1.2 cmt. 1 (2007) ("'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed."); see also United States v. Moorer, 383 F.3d 164, 167 (3d Cir. 2004) ("Note 1 clearly defines a 'prior felony conviction' purely in terms of the kind of conviction the defendant had, not the kind of sentence."). Therefore, Petitioner fails to overcome the presumption that his counsel's conduct fell within the wide range of reasonable professional assistance.[5]

B.   Entry of Guilty Plea

Petitioner claims the Court accepted his plea of guilty in violation of his due process rights. Petitioner's claim, however, is contradicted by the well-developed record of this case. Federal Rule of Criminal Procedure 11 embodies the constitutional requirement that a guilty plea be knowing and voluntary. See United States v. Schweitzer, 454 F.3d 197, 202 (3d Cir. 2006) (citing Boykin v. Alabama, 395 U.S. 238, 242-44

---

[5]     To the extent Petitioner claims the "court illegally used a prior conviction to enhance [his] sentence," Mem. in Supp. 3, the claim is meritless for the same reasons provided herein.

14

(1969)). The Court must inform the defendant of, and determine he understands, the rights he waives by entering a guilty plea, the nature of the charges against him, the maximum possible penalty for the charges, the court's obligation to calculate the applicable sentencing-guideline range, as well as other considerations. Fed. R. Crim. P. 11(b)(1). The change-of-plea hearing transcript indicates that the Court advised Petitioner of his rights and the maximum possible penalty for each offense, that he waived certain rights by entering a plea of guilty, that the Court would sentence Petitioner taking into account the U.S. Sentencing Guidelines, and that, until a presentence investigation report was prepared, the guideline sentence could not be determined in his case. Change-of-Plea Hr'g Tr. 6:20-20:17.

Petitioner now argues that the factual basis for the plea, as recited by the Assistant U.S. Attorney appearing at the change-of-plea hearing, was "written in a tactiful [sic] manner, avoiding certain specific facts of the arrest to show the constructive possession element, in the Government could not prove, the jacket was my jacket found in a location I did not have exclusive controll [sic] over, the area where the jacket was found." § 2255 Mot. 7. The Government represented that an officer observed Petitioner sitting on a stool on the jacket. Change-of-Plea Hr'g Tr. 13:6-8. Although officers arrested

15

Petitioner outside of the bar after he left the jacket sitting on the stool, id. at 13:19-20, there is no indication that the Government misrepresented the facts or otherwise could not prove that Petitioner possessed the jacket and its incriminating contents. The Court informed Petitioner that he had a right to have the facts recited submitted to a jury and proved beyond a reasonable doubt, and Petitioner indicated he understood that right. Id. at 14:17-21. Furthermore, Petitioner stated that the Government correctly and accurately summarized the facts of the case against him. Id. at 15:6-10. Until now, it does not appear Petitioner attempted to challenge the factual basis of the plea. Petitioner's attempt to challenge the Government's case in the instant § 2255 Motion is improper and contradicted by the record in this case. Therefore, based on the change-of-plea colloquy, which conformed to Rule 11, Petitioner voluntarily, knowingly, and intelligently waived his rights by entering a guilty plea. See Schweitzer, 454 F.3d at 203.

   C.   Constitutionality of Felon-in-Possession Statute

        Petitioner argues that the felon-in-possession statute, 18 U.S.C. § 922(g), is unconstitutional. Mem. in Supp. 3. Section 922(g) is a constitutional exercise of Congress' Commerce Clause power. See, e.g., United States v. Singletary, 268 F.3d 196, 204-05 (3d Cir. 2001). It appears that Petitioner

16

raised the issue of § 922(g)'s constitutionality only to "preserve" the issue for appeal. In any event, Petitioner puts forth no argument that the statute is unconstitutional. Therefore, Petitioner's claim that § 922(g) is unconstitutional is meritless.

**IV.   CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2255 motion, the Court must also decide whether to issue or deny a certificate of appealability ("COA"). See § 2255 R. 11(a). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). In this case, the Court will not issue a certificate of appealability because Petitioner failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**V.   CONCLUSION**

For the foregoing reasons, the Court will deny and dismiss the § 2255 Motion with prejudice. The Court will not issue a certificate of appealability. An appropriate order will follow.

17